IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ATC DISTRIBUTION GROUP, INC.,        }
                                     }
     Plaintiff,                      }
                                     }       CIVIL ACTION NO.
v.                                   }
                                     }       CV-01-AR-1871-S
POWERTRAIN RECYCLING, INC.,          }
et al.,                              }
                                     }
     Defendants.                     }

**MEMORANDUM OPINION**

The court has conducted an evidentiary hearing and has received and considered post-hearing briefs on the question of the entitlement of plaintiff, ATC Distribution Group, Inc. ("ATC"), to the preliminary injunction it seeks to prevent defendants, Powertrain Recycling, Inc. ("Powertrain"), Joey Peters ("Peters") and Ben Blank ("Blank"), from violating a non-competition agreement and a confidentiality agreement executed by Peters while he was employed by ATC.

The non-competition agreement covers too broad a territory to meet Alabama standards, in that it purports to preclude Peters from competing with ATC anywhere ATC does business, which, for aught appearing, is everywhere. The territory could be adjusted by the court downward to make its geographic reach reasonable, so that this over-breadth does not make the agreement non-enforceable in such a judicially reduced area. However, a court-fashioned amendment to the agreement would not help Peters out of the dilemma

in which he finds himself, because he does not sell or want to sell re-worked automotive parts in Thailand in competition with ATC, or, for that matter, with anyone else.  He wants to compete where he lives and where he is selling products that do compete with those of ATC.  On behalf of his current employer, Powertrain, he is now calling upon customers that he developed, and with whom he established relationships, while he has employed by ATC in northern Alabama.  These relationships, and the goodwill created by Peters, are an important part of what ATC was trying to protect when it obtained Peters's agreement.

Peters and Powertrain, whose principal is Blank, claim that they are not really competing with ATC because the product lines of the two companies, and their emphases, are substantially different. This is not a good defense to an unambiguous agreement executed by Peters knowingly and without any duress, that is, unless the routine inducement that is inevitably occasioned by a person's wanting to get a job and/or to keep a job is to be called "duress". The public policy represented by the long recognized enforceability of a non-competition agreement may be a good subject for future debate, but it cannot be ignored now.  Employees sign such agreements every day, only to find themselves either locked into a permanent, unhappy employment relationship, or looking for a demonstrably different line of work upon separation.  In order to escape from the effects such an agreement, an employee has a

steeply uphill fight. If he is an "at will" employee, he can theoretically be fired one day after he signs such an agreement, and still be precluded from thereafter working for a competitor. It is a daunting undertaking to prove by a preponderance of the evidence that the employer fraudulently induced an employee to sign a non-competition agreement.

The court invites the parties to read this court's opinion of February 6, 2001, in *Heafner Tire Group, Inc. v. AM-PAC Tire Dist., Inc., et al.*, CV-01-AR-0229-S. In that non-compete case, this court permanently enjoined a former employee and his new employer from competing with the former employer. *Heafner*, however, is distinguishable from the instant case in at least two material respects. First, the defendant there did not claim, as Peters does here by way of counterclaim, that the former employer itself committed a material breach of the employment agreement. More importantly, *Heafner* was not submitted on petition for **preliminary** injunction, but on the merits. There, this court made findings of fact after a full hearing of all of the evidence, something the parties in the instant case did not agree to.

A reason why this court cannot make the finding of a likelihood of ultimate success necessary for the entry of a preliminary injunction in favor of ATC, is this court's reasonable doubt about what an ultimate factfinder will do with Peters's counterclaim. As the court sees it, in order to grant a

3

preliminary injunction here, the court would, in effect, be granting summary judgment against Peters on his counterclaim, something this court cannot do. The counterclaim may be weak, but it has enough viability so that it cannot be rejected out-of-hand, either expressly or implicitly. Furthermore, for aught appearing, Powertrain is capable of responding in damages if Peters, its agent, has violated his agreements with ATC and is causing ATC compensable injury. By hiring Peters, Powertrain assumed the risk of having to pay big money to ATC if it is found to have contributed to its economic injury. In other words, it appears to this court that ATC has adequate remedy of law, another reason for denying preliminary injunctive relief.

ATC seeks more than injunctive relief. It seeks monetary damages for the existing alleged violations of the contracts between it and Peters, damages that have allegedly been sustained already. This means that a quantification of damages will have to take place with or without injunctive relief, that is, if defendants are liable.

Insofar as the complaint seeks an injunction against any violation of the separate **confidentiality** agreement, the court finds no evidentiary basis for ATC's sustaining irreparable injury of the sort that would call for injunctive relief. If there is a violation, the damage has already occurred and an injunction would add nothing.

Because this court declines to make all of the findings essential to the entry of a preliminary injunction, the petition will be denied by separate order.

The three affidavits which were offered by defendants and which are the subject of plaintiff's pending objections, have not been employed by the court in reaching its foregoing conclusions, rendering plaintiff's objections to them moot.

The parties are hereby reminded that the case is governed by the Federal Rules of Civil Procedure, including local variations thereon. The parties should pay particular attention to Rules 26 and 16, F.R.Civ.P., and should with their initial report notify the court if the case should be evaluated for proceeding upon any of the tracks provided by this court's Alternative Dispute Resolution Plan.

Parties who desire trial by jury shall file their requests for jury trial within twenty (20) days of this date. Any such requests will be granted. Otherwise, the case will be tried to an advisory jury.

DONE this 4th day of February, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE